334 So.2d 383 (1976)
STATE of Louisiana
v.
Leroy HAMILTON.
No. 57522.
Supreme Court of Louisiana.
June 21, 1976.
Samuel M. Cashio, Cashio & Cashio, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant Leroy Hamilton was charged by bill of information with attempted first degree murder, a violation of La.R.S. 14:27. He was convicted by a jury and sentenced to serve fifteen years at hard labor. On appeal he relies upon two assignments of error for reversal of his conviction and sentence.

*384 ASSIGNMENT OF ERROR NO. 1
Prior to trial, defendant moved to quash the bill of information on the ground that it was improper in form. After a hearing the motion was denied, and defendant assigns this ruling as error.
The bill of information charges that defendant "* * * did attempt to commit first degree murder of Officer Larry Michenhime, Baton Rouge City Police Officer who at the time of the offense was engaged in the lawful performance of his duties." Defendant contends that the indictment is defective in that it does not follow the short form provided in La.C. Cr.P. art. 465 nor allege that defendant acted with specific intent. We find that the State did in fact use the specific indictment form of Article 465, and that this served amply to notify defendant of the charges against him.
Among the abbreviated indictment forms authorized by Article 465 are the following:

"7. AttemptA.B. attempted to_____ (commit theft of one riflestate property subject of the theft; rob C.D.; or murder C.D.; as the case may be). (Emphasis added.)
"31. First Degree MurderA.B. committed first degree murder of C.D."
The bill of indictment at issue here effectively combined the elements of these two forms to charge attempted first degree murder. The addition of descriptive facts to the indictment did not affect its compliance with the statutory form. The last paragraph of Article 465 pertinently provides:
"The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article."
An allegation of specific intent is not required in the short form indictment. The basic function of the specific indictment forms is to inform the accused of the crime charged, reserving a recital of the details of the offense for the bill of particulars. La.C.Cr.P. art. 465, Official Revision Comment (a). It is clear from a reading of the bill of information that it adequately informed defendant of the nature and cause of the accusation against him.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant unsuccessfully moved for a mistrial when the State commented in its closing argument on defendant's failure to call his nephew, who was present at the scene of the crime, as a witness in his behalf. The motion was improperly denied, defendant argues, because the witness was equally available to the State and to the defendant.
The governing principle has been expounded by 2 Wigmore on Evidence, § 288 (3d ed. 1940), as follows:
"It is commonly said that no inference is allowable where the person in question is equally available to both parties; particularly where he is actually in court; though there seems to be no disposition to accept such a limitation absolutely or to enforce it strictly. Yet the more logical view is that the failure to produce is open to an inference against both parties, the particular strength of the inference against either depending on the circumstances. To prohibit the inference entirely is to reduce to an arbitrary rule of uniformity that which really depends on the varying significance of facts which cannot be so measured."
Although the witness was equally accessible to both the State and the accused for service of process, the failure of the State to place him on the stand cannot, under the circumstances, prevent it from arguing that the jury should draw an inference *385 that the witness would have failed to aid the accused's case. The witness was the nephew of the defendant. He was the only one of a number of relatives and friends present at the scene of the crime who was not called to testify in defendant's behalf. The natural and logical conclusion is that, if his testimony would have supported the defense, he would have been produced as a defense witness. Furthermore, the State's remarks were proper rebuttal to defense counsel's closing argument in which he stated that he had called most of those present during the incident as defense witnesses and they had consistently testified in exoneration of the defendant. The strength of the inference, of course, was a matter for the jury to consider, and there was no impropriety in the district attorney's reference to the defendant's failure to call the witness. See State v. Johnson, 151 La. 625, 92 So. 139 (1922).
Furthermore, we find no errors which are discoverable by a mere inspection of the pleadings and proceedings. La.C.Cr.P. art. 920.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.