347 So.2d 498 (1977)
STATE of Louisiana, Appellee,
v.
Leon ABNEY, Jr., Appellant.
No. 59158.
Supreme Court of Louisiana.
June 20, 1977.
*500 Bobby L. Culpepper, Baker, Culpepper & Brunson, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., O. L. Waltman, E. J. Bleich, Asst. Dist. Attys., for plaintiff-appellee.
TATE, Justice.
The defendant Abney was convicted of manslaughter, La.R.S. 14:31(1) (1973), and sentenced to eight years imprisonment at hard labor. He appeals his conviction, relying upon sixteen assignments of error.
The offense charged is based upon the defendant Abney's killing Nicky Lampkin. The fight between the two occurred about midnight. A few minutes earlier, Lampkin had hit Abney's girl friend outside the American Legion Hall, a social establishment.
Abney, the defendant, was walking up when, he said, he saw Lampkin, the deceased, hit his girl friend. Threats ensued between the two, Abney drew a gun out of his pocket, and subsequently he shot and fatally wounded Lampkin.
(Abney claimed that he shot only when Lampkin advanced upon him armed with a bottle. However, other witnesses testified that the bottle had been taken from Lampkin before Abney arrived at the scene. The jury apparently did not accept the testimony by Abney and his witnesses introduced in support of his plea of self-defense. La. R.S. 14:20(1).)
Indictment and Proof of Manslaughter
Preliminarily, we note that the evidence so summarized constitutes some proof of the defendant's guilt of manslaughter, which (for the circumstances shown) is defined as:
"A homicide . . . committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. * * *" La.R.S. 31(1) (1973), "When the offender has a specific intent to kill or inflict great bodily harm * * *." La.R.S. 14:30 (1973) and 30.1 (1973) (statutorily incorporated by La.R.S. 14:31 by reference as describing the type of homicide here charged as homicide).
We therefore find no merit to the defendant's assignments based on contentions that no evidence proves the crime and all of its essential elements: Assignment 11 (motion for directed verdict); Assignment 13 (motion for a new trial).
Likewise, we find no merit to the assignments which question the validity of the indictment (bill of information), namely assignment 3 (motion to quash) and assignments 14 and 15 (motion and supplemental motion in arrest of judgment):
The (bill of) information charged the accused with manslaughter in conformity with the short form authorized by La.C. Cr.P. art. 465(A)(33) (1973). Our court has long ago and consistently rejected the accused's contention that this short-form indictment does not adequately inform the accused of the nature and cause of the accusation against him as constitutionally required (see La.Const. of 1974, Article 1, Section 13): State v. Cooper, 249 La. 654, 190 So.2d 86 (1966); State v. Nichols, 216 *501 La. 622, 44 So.2d 318 (1950). See also State v. Hamilton, 334 So.2d 383, 384 (La.1976); "The basic function of the specific indictment forms is to inform the accused of the crime charged, reserving a recital of the details of the offense for the bill of particulars."
Similarly, we have previously rejected the contention, here raised again by the accused, that somehow the United States Supreme Court, by invalidating the death penalty of La.R.S. 14:30 (1973), first degree murder, has likewise invalidated the statutory definition of the offense, see State v. Smith, La., 339 So.2d 829 (1976), or the lesser homicide offenses created by related statutes, see State v. Cook, 345 So.2d 29 (La.1977) and State v. McDaniel, 340 So.2d 242 (La.1976).
Voir Dire Examination
The defendant perfected three assignments during the voir dire examination of prospective jurors.
Assignment 5 presents perhaps the only seriously arguable issue raised by this appeal. The trial court overruled the defendant's challenge for cause as to prospective juror Smith. The basic objection to the juror's serving was that he had stated that, with regard to an accused's failure to take the stand in his defense not raising any presumption of guilt, "as far as honestly putting something like that totally out of my mind, I don't know if I'm capable, if I can accept it."
The complete voir dire examination of the juror otherwise indicated him to be a competent and impartial and intelligent venireman. Following the juror's frank admission that he found it difficult to put an accused's failure to testify "totally out of my mind," the court further interrogated him. The juror then stated that, whether or not he could put the circumstance out of his mind, he could accept and comply with the instruction that no presumption of guilt would arise against a defendant because he failed to testify in his defense.
In the per curiam explaining why he refused to sustain the challenge for cause, the trial judge stated: "I was of the opinion that this prospective juror was simply and commendably attempting to reply to the questions asked as honestly as he knew how. Because of his demeanor and the sincere manner in which he responded to the questions, I had no doubt that he would accept my instructions relative to the applicable law." (Actually, at the trial the defendant did take the stand and testify in his own defense.)
Under all of the circumstances shown, we are unable to say that the trial court abused its broad discretion in ruling on challenges for cause. We are unable to hold that, accepting the juror's earlier voicing of a position possibly prejudicial to the defendant, the trial court erred in nevertheless deeming the witness impartial and qualified when, upon the court's further inquiry, the juror unequivocally demonstrated a willingness to decide the case on the evidence presented in accordance with the instructions as to law given the jury by the trial judge. State v. Governor, 331 So.2d 443 (La.1976); State v. Niz, 327 So.2d 301, 326 (La.1975); State v. Johnson, 324 So.2d 349 (La.1975).
The same principles apply in our rejection of Assignment 6. It was taken to the refusal of the court to sustain the defendant's challenge for cause as to prospective juror Hammon. An isolated response by him which indicated a prejudicial attitude was convincingly shown, upon subsequent examination by the court, to have resulted from a misunderstanding of a question.
Assignment 7 is likewise without merit. The trial court properly sustained a state objection to a defense question attempting to obtain a pre-judgment by the prospective juror as to what his verdict would be on facts hypothesized by the question. State v. Clark, 325 So.2d 802, 806-07 (La.1976).
Impeaching the Jury Verdict
The motion for a new trial contained allegations that the jury verdict was tainted *502 by improper influences: The accused contends that the trial jurors were exposed to papers on the prosecutor's table which reflected an earlier conviction of the defendant for the same offense (later set aside), and also that one of the jurors was the coworker at a lumber company with a state witness.
The eight jurors subpoenaed denied any knowledge of these allegedly prejudicial circumstances at a hearing on the motion for a new trial. The trial judge properly denied the new trial sought on these grounds. (Assignment 13.)
Likewise without merit is the defendant's effort to impeach the jury verdict, as advanced by his supplemental motion for a new trial. (Assignment 16.) By this motion, the defendant contends that certain improprieties occurred during jury deliberations.
La.R.S. 15:470 provides that no juror is competent to impeach the verdict of the jury on which he served. The rule is founded on the public interest in finality of jury verdicts and in encouraging frankness of discussion among jurors in their deliberations. State v. Ledet, 298 So.2d 761 (La. 1974). This firmly-established rule prevents jurors from impeaching their verdict by disclosure of jury deliberations or even by testimony of misconduct within the jury room. State v. Durr, 343 So.2d 1004 (La. 1977).
Other Assignments
The other assignments of error are clearly without merit:
Assignments 1 (prayer for oyer) and 4 (sufficiency of answers to bill of particulars) relate to the denial of pre-trial discovery as to details of the state's case. The trial court's rulings do not present reversible error and are in accord with the jurisprudence.
Assignment 2 relates to the trial court's alleged determination at a preliminary examination that probable cause existed to hold the defendant for trial. Even had the trial court made such a determination (the record actually reflects that the defendant waived the right to a hearing on his motion for preliminary examination), the issue is moot after the defendant has been tried and convicted. State v. Walker, 344 So.2d 990 (La.1977) and the many decisions cited therein.
Assignment 8 relates to admission of a taped statement by the defendant establishing the voluntariness of a confession. Assignment 9 relates to the trial court's determination as to voluntariness of the confession, the contents of which are not shown by the record. The taped statement was introduced in a predicate outside the presence of the jury. Neither the taped statement nor the confession itself was introduced before the jury. Even assuming any error in the rulings (which we do not), we are at a loss to understand the basis of these assignments of error by the defendant.
Assignment 10 relates to the introduction of a gun into evidence. The testimony shows that, after the shooting, the defendant gave this gun to a witness and further shows an unbroken chain of custody following that until the gun's introduction into evidence. We find no authority supporting the defendant's argument that, under the circumstances, the gun could not be admitted until (not only the chain of custody was proven, but also) the ballistics tests had been taken so as additionally to connect the accused's gun with the shooting of the victim (a shooting which the accused himself admitted).
Assignment 12 relates to the admission of a taped statement of a defense witness introduced into evidence by the state on rebuttal. Proper foundation had been laid in the examination of this witness to impeach her trial testimony (that the victim had a bottle as a weapon in his hand) by proof of this prior inconsistent statement by her (that the victim did not have such a weapon). La.R.S. 15:493. The prior statement was obviously admissible as proper impeachment testimony.
*503 Assignment 13 relates to the denial of a motion for a new trial. In addition to addressing itself to contentions found above by us to be without merit, the motion principally concerns the alleged insufficiency of the evidence by which the defendant was convicted. However, sufficiency of the evidence is regarded as an issue of fact and thus not reviewable by this court, because of the constitutional restriction that its review as to innocence or guilt is confined to questions of law. La. Const. Art. 5, Section 5(C); State v. Gordon, 336 So.2d 793 (La.1976). The trial court's denial of a new trial does not therefore raise a reviewable issue on appeal insofar as the denial is based upon the trial court's rejection of an accused's claim of the insufficiency of the evidence by which he was convicted. State v. Finley, 341 So.2d 381 (La.1976).

Decree
Finding no error, we affirm the conviction and sentence.
AFFIRMED.