MARCUS, Justice.
Everett Twiner and James W. Womack were charged by separate bills of information with willfully and unlawfully selling beverages having an alcoholic content in excess of one-half of one percent by volume in violation of Ordinance No. B-935 of the Parish of Richland. Defendants filed motions to quash the bills of information in which they attacked the validity of Ordinance No. B-935 on the ground that it was adopted pursuant to an improperly called local option election.[1] Specifically, defend *609 ants argued that La.R.S. 26:586[2] provides that, after the petition has properly been filed with the governing authority, the date for the election shall be fixed not less than forty-five nor more than sixty days from the date of the adoption of the ordinance or resolution ordering the election; whereas, in the instant case, the police jury fixed the date for the election only forty-one days from the date of the ordinance ordering the election. Defendants contended that this was a substantial violation of the requirements of the local option law; therefore, the election was illegal and Ordinance No. B-935 adopted pursuant to said illegal election was of no force and effect.
The trial judge sustained defendants’ motions to quash. The state then requested orders of appeal from the adverse rulings which were granted by the trial judge. Thereafter, on motions of defendants, the trial judge rescinded the orders of appeal on the ground that the state was not entitled to appeal the quashing of the bills of information. The state then applied to this court for supervisory writs, which applications were granted.[3] The state asserts two assignments of error.
ASSIGNMENT OF ERROR NO. 1
The state contends that the trial judge erred in granting defendants’ motions to quash the bills of information. The state argues that defendants were charged pursuant to a valid ordinance in that the election was called and conducted in substantial compliance with La.R.S. 26:581, et seq., (local option law) but in any event, defendants could not collaterally attack the validity of the election in these proceedings since no qualified elector instituted suit within thirty days of the promulgation of the results of the election to have the election declared null and void as required by La. R.S. 26:590.
Stipulations of fact by and between the district attorney and defense counsel were filed in the district court in which it was agreed that in 1976 a petition, valid in form, calling for a local option election on the proposition of whether the sale of beverages containing more than one-half of one percent alcohol by volume should be permitted in ward 7 of Richland Parish was duly circulated in said ward. The petition was timely filed with the registrar of voters of the parish and was subsequently published in the official parish journal. The petition, with the registrar’s sworn verification, was filed with the police jury which, after verifying that the petition complied with the requirements of law, timely adopted an ordinance ordering the election. It was stipulated that the ordinance ordering the election fixed the date of the election at forty-one days from the date of the adoption of the ordinance calling the election in contravention of La.R.S. 26:586, which provides that the date fixed for the election shall be no less than forty-five nor more than sixty days from the date of the adoption of the ordinance ordering the election. In all other respects, the local option election was properly called and conducted. The results of the election were duly promulgated by ordinance and published in the official jour *610 nal of the parish. Since the required number of qualified electors voted against permitting the sale of beverages containing more than one-half of one percent alcohol by volume in ward 7, the Richland Parish Police Jury adopted Ordinance No. B-935 prohibiting the sale of such alcoholic beverages in said ward and prescribing penalties for violation of the ordinance as a fine not to exceed one hundred dollars or imprisonment for not more than thirty days, or both, in accordance with La.R.S. 26:595. No suit to contest the legality of the local option election was filed within thirty days of the promulgation of the results of the election.
In treating the nullity of a local option election, La.R.S. 26:590 provides:
If the petition fails to substantially comply with the requirements provided in this Chapter or if the other requirements specified in this Chapter for the calling or conduct of the election are not substantially complied with, the election is illegal and ineffective and may be declared null and void by any court of competent jurisdiction at the suit of any elector who was qualified to vote in the election. This suit shall be brought within thirty (30) days of the promulgation of the results of the election. (Emphasis added.)
In mandatory terms, this provision requires that a suit challenging the legality of a local option election be instituted within thirty days of the promulgation of the results of the election. After the expiration of the thirty-day period, the legality of the election is conclusively presumed and is immune from further attack.
Applying this statutory interpretation to the instant case, since no suit to annul the local option election was brought within thirty days of the promulgation of the results thereof, any procedural defects in the local option election could no longer be asserted. The legality of the local option election was conclusively presumed. Therefore, Ordinance No. B-935 could not be attacked on the basis of any alleged irregularities in the calling or conduct of said election. Hence, the ordinance was valid. Since defendants were charged pursuant to a valid ordinance, the trial judge erred in granting defendants’ motions to quash the bills of information.
ASSIGNMENT OF ERROR NO. 2
The state contends that the trial judge erred in granting defendants’ motions to withdraw the orders which permitted appeals by the state from the quashing of the bills of information. It is argued by the state that an appeal from an adverse ruling on a motion to quash a bill of information was authorized by La. Code Crim.P. art. 912(B).
The state’s contention is without merit. Under La.Const. art. 5, § 5 (D-E) (1974), the state has no right to invoke the criminal appellate jurisdiction of this court for our review of final pre-conviction adverse judgments or rulings, except in criminal cases in which a law or ordinance has been declared unconstitutional. State v. Nichols, 337 So.2d 1074 (La.1976); State v. James, 329 So.2d 713 (La.1976). Accordingly, La. Code Crim.P. art. 912(B) is no longer applicable insofar as it permits the state to appeal final pre-conviction adverse judgments or rulings. Rather, where the state desires review of a final pre-conviction adverse judgment or ruling in a criminal case, application to this court for a writ of review is the proper procedure for the state to follow. La.Const. art. 5, § 5(A) (1974); State v. Nichols, supra; State v. James, supra. Hence, the trial judge did not err in granting defendants’ motions to withdraw the orders of appeal.
Assignment of Error No. 2 is without merit.
DECREE
For the reasons assigned, the rulings of the trial judge sustaining defendants’ motions to quash the bills of information are reversed, and the cases are remanded to the trial court for further proceedings not inconsistent with this opinion.
DIXON, J., dissents with reasons.

. By agreement of all parties, the motions to quash the bills of information filed by defendants were consolidated for the purpose of trial.

. La.R.S. 26:586 provides:
The governing authority with whom the petition is filed by the Registrar of Voters shall attach to the petition its' sworn verification showing the day, month and year the petition was filed with it.
If the petition conforms to all the provisions of this Chapter, the governing authority shall order the election. The ordinance or resolution of the governing authority ordering the election shall be adopted at a regular meeting held not less than thirty nor more than forty-five days from the date the petition was filed with the governing authority by the Registrar of Voters.
The governing authority shall remove the name of any signer of the petition if requested to do so in writing within thirty days of the date the petition was filed with it. If the number of written requests for withdrawal from the petition reduces the number of qualified petitioners to less than the required twenty-five per cent, the election shall not be ordered and the petition shall be null and void and cannot be used again.
The date fixed for the election shall be not less than forty-five nor more than sixty days from the date of the adoption of the ordinance or resolution ordering the election.

. 342 So.2d 1116 (La.1977).