MARCUS, Justice.
Henry A. Reid, Jr., Sheriff of Calcasieu Parish, was charged by bill of information *933 in count one with the crime of theft of public funds, services and things valued in excess of five hundred dollars in violation of La.R.S. 14:67. Prior to commencement of trial on this count, the state filed an application for a change of venue (La.Code Crim.P. art. 621) alleging, inter alia, that the power and influence of defendant as Sheriff of Calcasieu Parish rendered it impossible for the state to obtain a fair and impartial trial in that parish. After a hearing, the trial judge denied the state’s application for a change of venue. Pursuant to La.Code Crim.P. art. 912 Bib),[1] the state took an appeal from the adverse ruling. The trial judge entered an order of appeal fixing the return date in the order. Subsequently, the trial judge extended the return date and specified the time within which the state was to designate in writing those errors to be urged on appeal and the state and defendant were to designate the portion of the record to be lodged in this court. Additionally, the state notified the trial judge of its intention to apply to this court for writs under our supervisory jurisdiction to obtain review of the adverse ruling. The state’s application was denied by this court on January 30, 1978.[2] Thereafter, defendant filed with the trial court a motion to dismiss the state’s appeal, which was later amended, and a motion for a speedy trial. Because the jurisdiction of the trial court was divested and that of this court attached upon the entering of the order of appeal except for certain limited matters not present here (La.Code Crim.P. art. 916), the trial judge notified the state and defense counsel that he no longer had jurisdiction over the case and, therefore could not rule on defendant’s motions to dismiss and for a speedy trial. Subsequently, defense counsel filed with this court a motion to dismiss the state’s appeal from the adverse ruling on its application for a change of venue. An opposition to the motion to dismiss was filed by the state.
We grant defendant’s motion to dismiss the state’s appeal. Under La.Const. art. 5, § 5(D-E) (1974), the state has no right to invoke the criminal appellate jurisdiction of this court for our review of final pre-conviction adverse judgments or rulings, except in criminal cases in which a law or ordinance has been declared unconstitutional. State v. Twiner, 350 So.2d 608 (La.1977); State v. Nichols, 337 So.2d 1074 (La.1976); State v. James, 329 So.2d 713 (La.1976). Accordingly, La.Code Crim.P. art. 912 B is no longer applicable insofar as it permits the state to appeal final pre-conviction adverse judgments or rulings. Rather, where the state desires review of a final pre-conviction adverse judgment or ruling in a criminal case, application to this court for a writ of review is the proper procedure for the state to follow.[3] La.Const. art. 5, § 5(A) (1974); State v. Twiner, supra; State v. Nichols, supra; State v. James, supra. Hence, we lack appellate jurisdiction to entertain the state’s appeal from the final pre-conviction adverse ruling on its application for a change of venue.
DECREE
For the reasons assigned, defendant’s motion to dismiss the state’s appeal is granted. Appeal dismissed.
DENNIS, J., concurs.

. La.Code Crim.P. art. 912 B(5) provides:
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the state may appeal include, but are not limited to, judgments or rulings on:
[[Image here]]
(5) A motion to change the venue;
[[Image here]]

. No. 61,430, 354 So.2d 208 (La.1978).

.In the instant case, the state followed this procedure by applying to this court for writs under our supervisory jurisdiction seeking review of the trial judge’s denial of its application for a change of venue in addition to appealing from the adverse ruling. This court denied the application. No. 61,430, 354 So.2d 208 (La. 1978).