373 So.2d 121 (1979)
STATE of Louisiana
v.
David J. LINER.
No. 64187.
Supreme Court of Louisiana.
April 20, 1979.
Dissenting Opinion April 24, 1979.
*122 William J. Guste, Jr., Atty. Gen., James F. McKay, New Orleans, Howat A. Peters, Jr., Asst. Attys. Gen., for plaintiff-relator.
Arthur A. Lemann, III, Supervising Atty., New Orleans, Allen McElroy, Student Practitioner, Loyola Law School Clinic, for defendant-respondent.
PER CURIAM.
On September 15, 1978, the St. Mary Parish Grand Jury charged, by formal indictment, that defendant David Jon Liner "committed first degree murder of Roxanna Barrilleaux; contrary to the provisions of R.S. 14:30 . . ." As the victim was a former employee of the St. Mary Parish District Attorney's Office, that office was recused from the prosecution and the Attorney General's Office was appointed to assume it. See, La.Const.1974, Art. IV, § 8. On January 3, 1979, the defense filed a motion to quash the indictment on the grounds that it failed to specify which aggravating circumstance qualified the crime as first degree murder under State v. Payton, 361 So.2d 866 (La.1978). At a hearing on the motion on February 14, 1979, the state attempted to correct the problem by adding to the indictment that the murder occurred "during the commission of Attempted Aggravated Rape." However, upon opposition by the defense, the trial court disallowed the amendment and granted the motion to quash, finding that the indictment was irremediably defective in its noninclusion of the aggravating circumstance(s) elemental to the offense. The state applied to this Court for a writ of review, which was granted.[1]
At the time the crime was committed on May 20, 1978, first degree murder was defined by La.R.S. 14:30 as follows:
First degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm.
Whoever commits the crime of first degree murder shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in accordance with the recommendation of the jury. Amended by Acts 1975, No. 327, § 1; Acts 1976, No. 657, § 1.
However, at the time this crime was committed, that definition was not complete; it was expanded by the provisions of La.R.S. 14:30.1, as amended by Acts 1977, No. 121, § 1[2], which defined second degree murder, in part as:
B. The killing of a human being when the offender has a specific intent to kill, under circumstances that would be first degree murder under Article 30, but the killing is accomplished without any of the aggravating circumstances listed in Article 905.4 of the Louisiana Code of Criminal Procedure.
By implication, this provision redefined first degree murder as a specific intent homicide accomplished with a statutorily prescribed aggravating circumstance. State v. Payton, 361 So.2d 866 (La.1978). The presence of at least one aggravating circumstance, then, is an essential element of the crime charged.
That fact does not bear on the validity of the present indictment, however. Defendant was charged in compliance with Code of Criminal Procedure Article 465, which provides as a short form indictment for first degree murder: "A.B. committed first degree murder of C.D." The constitutionality of the short forms has been consistently upheld. State v. Abney, 347 So.2d 498 (La.1977); State v. James, 339 So.2d 741 (La.1976); State v. Sneed, 316 So.2d 372 (La.1975). We cannot find, therefore, that the use of the prescribed form conflicted *123 with defendant's right to be charged by grand jury indictment under Article I, Section 15 of the 1974 Louisiana Constitution.
Defendant contends that the failure to enumerate "aggravating circumstances" in the indictment shows a failure of the grand jury to consider the nature of First Degree Murder, which requires, in addition to specific intent, the presence of an "aggravating circumstance." Such conclusion is unjustified. The short form indictment provided by law complies with the constitutional requirement of Article I, Section 15 of the Constitution of 1974.
Defendant was, of course, entitled to notice of the aggravating circumstance upon which the state would rely to establish the offense. See, La.Const.1974, Art. I, § 13. However, the recital of the details of the offense is more properly reserved to a bill of particulars. See, State v. Abney, supra.
Accordingly, we find that the trial court correctly disallowed the proposed amendment to the indictment, but erred in granting defendant's motion to quash. We therefore reverse the latter ruling and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
CALOGERO, Justice, dissenting.
The majority transforms into an easily curable discovery problem the substantial constitutional issue presented by the defense. Article I, Section 15 of the 1974 Louisiana Constitution dictates that "no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury." The import of this provision is clear: as a safeguard against oppressive and arbitrary proceedings, prosecution for the most serious offenses prescribed by our law must be instituted not by district attorneys, but by an impartial grand jury. To return a valid indictment, the grand jury must pass upon each essential element of the offense. Should it fail to do so, the indictment must be declared invalid; the prosecutor cannot by amendment to the indictment or other discovery devices supply a missing element of the offense without subverting the constitutionally established protective function of the grand jury.
As the trial court observed in making its thoughtfully-considered ruling, the short form indictment endorsed by the grand jury in the present case does not reflect that it considered the aggravating circumstance(s) elemental to the charged offense, and any attempt by the state to supplement the charge could only result from speculation on its part. That speculation ran counter to the constitutional guarantee of indictment by a grand jury. I find that insofar as La.C.Cr.P. art. 465 authorizes a fundamentally incomplete short form indictment, it conflicts with the constitutional provision and cannot be relied upon as a bootstrap to uphold an abridgement of a constitutional guarantee.[1] Therefore, I would affirm the ruling of the lower court.
NOTES
[1] The state has no direct appeal from a ruling quashing an indictment unless a law or ordinance has been declared unconstitutional. State v. Twiner, 350 So.2d 608 (La. 1977). Consequently, the state's application for a writ of review was the proper procedure to follow. See La.Const.1974, Art. V, §§ 5(D) and (E).
[2] Although this provision was deleted by Acts 1978, No. 796, § 1, it was effective at the time the offense occurred, and hence controlled this prosecution.
[1] This case is to be distinguished from those in which the state is permitted to amend an indictment charging an offense which might have been charged by bill of information. Where the right of indictment is inapplicable, the state may supply a missing element of the offense without doing violence to the constitutional provision. Also distinguishable, I think, are those cases in which the state amends a grand jury indictment to charge a lesser included offense. See, State v. Gilmore, 332 So.2d 789 (La.1976).