410 So.2d 1045 (1982)
STATE of Louisiana
v.
Winston LOVE.
No. 81-KA-0806.
Supreme Court of Louisiana.
March 1, 1982.
*1046 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Kenneth Sanders, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
George W. Reese, New Orleans, for defendant-appellant.
EDWARDS, Justice Ad Hoc.[*]
The defendant, Winston Love, was charged by grand jury indictment with the crime of first degree murder, in violation of LSA-R.S. 14:30. Love was found guilty as charged by a unanimous jury, which recommended that he be sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction and sentence on the basis of two assignments of error. Because we conclude that the first assignment of error requires reversal, only that assignment will be considered.

FACTS
At approximately 6:00 A.M. on December 10, 1977, the body of the victim was found lying in front of an apartment on Warren Street in Kenner, Louisiana. The victim, who had been shot once in the head, was identified as David Epperson. Investigation by the police led them to the "Who Cares Lounge", where interviews with lounge employees and patrons revealed that the victim had left the bar earlier that morning, at about the same time as the defendant. A lounge employee, Bonnie Lamkin, recalled being introduced to Love that morning by a longtime customer named Steve Henthorne. Henthorne had asked Lamkin to place Love's pistol behind the bar and was given permission to do so himself. On the afternoon after Epperson's murder, Lamkin checked the cabinet where Henthorne had placed the pistol and it was no longer there. Defendant's former girl friend testified that Love had blood on his clothing when he came home on the morning of December 10, 1977. Another of defendant's girl friends testified that in February of 1978 Love told her that he had once killed a man.

ASSIGNMENT OF ERROR NUMBER ONE
Defense counsel argues that the trial court erred in denying defendant's motion for a new trial and motion in arrest of judgment based on the ground that there was no proof of aggravating circumstances necessary to prove first degree murder.
At the time that the crime was committed, December 10, 1977, first degree murder was defined by LSA-R.S. 14:30 as follows:
"First Degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm."
However, at the time the offense was committed, that definition was not complete. It had been expanded upon by the provisions of LSA-R.S. 14:30.1, as amended by *1047 Acts 1977 No. 121, Section 1, which defines second degree murder, in part, as follows:
"B. The killing of a human being when the offender has a specific intent to kill, under circumstances that would be first degree murder under Article 30, but the killing is accomplished without any of the aggravating circumstances listed in Article 905.4 of the Louisiana Code of Criminal Procedure."
By implication, this provision redefines first degree murder as a specific intent homicide accomplished with a statutorily prescribed aggravating circumstance. State v. Payton, 361 So.2d 866 (La.1978); State v. Liner, 373 So.2d 121 (La.1979).
Under this court's decision in Payton, the crime of first degree murder is defined as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm and: 1) The offender was engaged in the perpetration or attempted perpetration of aggravated rape, aggravated kidnapping, aggravated burglary, or armed robbery; 2) The victim was a fireman or peace officer engaged in his lawful duties; 3) The offender knowingly created the risk of death or great bodily harm to more than one person; or 4) The offender offered or has offered or has given or received anything of value for the commission of the offense. State v. Payton, supra, at 872, 874.
The crime which Love is alleged to have committed occurred on December 10, 1977, after the effective date of Act 121 of 1977 (September 9, 1977). Defendant contends that in order to prove first degree murder, one of the above aggravating circumstances must be proved and that there was no such proof in this case. We agree and reverse his conviction.
If, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that every essential element of the crime had been proven beyond a reasonable doubt, a conviction must be reversed. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Roy, 395 So.2d 664 (La.1981). Under Payton, supra, the presence of an aggravating circumstance is an essential element of the crime of first degree murder. The presence of an aggravating circumstance is subject to the same standard of review as any other essential element of a crime. State v. Toomer, 395 So.2d 1320 (La.1981).
The only aggravating circumstance even alluded to in the state's case is armed robbery. It was established that the defendant owned a pistol and had it with him the night before the murder was committed. The state elicited testimony from Bonnie Lamkin, a barmaid at the "Who Cares Lounge", that the deceased had paid for a drink at about 5:00 P.M. the evening before the murder with a $100 bill. The defendant did not arrive at the bar until over eight hours later. No proof was offered by the state that the defendant ever saw the victim in possession of a great deal of money. No belongings of the victim were recovered from the defendant. Although an investigating detective testified that no wallet or identification was found on the deceased, it was never established that the deceased had a wallet with him in the first place. Furthermore, the detective was not asked whether any money was found on the victim's body.
We conclude that a rational trier of fact could not have found that the presence of the aggravating circumstance of armed robbery was proved beyond a reasonable doubt. At most, a rational trier of fact could have concluded that the state had proven beyond a reasonable doubt the essential elements of second degree murder, LSA-R.S. 14:30.1, as that crime was defined at the time of the offense.
Since all of the elements of the crime of second degree murder were proven beyond a reasonable doubt, this court could order an entry of a judgment of guilty to that lesser and included offense. State v. Byrd, 385 So.2d 248 (La.1980). We decline to do so, however, because of the circumstances of this case. The trial on this matter was begun June 27, 1978, and concluded on June 29. The decision in State v. Payton, supra, *1048 was issued on June 30, 1978. The state was obviously unaware of this court's decision in Payton and made no real effort to establish the existence of aggravating circumstances. Since the state was unaware of the necessity of establishing aggravating circumstances, this case will be remanded for retrial to give it the opportunity to do so.
For the foregoing reasons, the conviction and sentence of the defendant are reversed and the case is remanded to the district court for retrial.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
There was trial court error in the jury instructions on the essential elements of first degree murder.[1] The jury was not instructed that a specific intent homicide without aggravating circumstances constituted only second degree murder, and it was the trial court's failure to instruct (rather than the state's failure to produce evidence of aggravating circumstances) which caused the error and now necessitates setting aside the conviction of the greater offense. Compare State v. Williamson, 389 So.2d 1328 (La.1980), Lemmon, J., concurring.
The majority's decision to remand for a new trial for first degree murder was therefore technically correct.[2] Nevertheless, it would be far more preferable to remand with instructions to enter a judgment of conviction of the lesser and included responsive offense of second degree murder. See State v. Byrd, 385 So.2d 248 (La.1980). The evidence is sufficient to support a conviction of second degree murder, and the jury implicitly found defendant guilty of that lesser and included responsive offense.[3]
Although the majority ordered a new trial to afford the state an opportunity to obtain a first degree murder conviction, it is highly unlikely that the state would ask for this relief (which involves the possibility of acquittal), rather than for a remand for entry of a judgment of conviction of second degree murder. Defendant cannot be exposed again to the death penalty, after one jury recommended life imprisonment. See State v. Washington, 380 So.2d 64 (La. 1980); Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). Therefore, from the state's point of view, only a penalty of life imprisonment (which is the mandatory penalty in this case for both first and second degree murder) can be imposed after a retrial, which involves a vast expenditure of time and resources by judges, jurors and attorneys.
More significantly, the majority's decision to order retrial raises a complex double jeopardy issue.[4] While I do not approve of the majority's approach, I cannot say it is wrong as a matter of law, and I accordingly concur in the decree.
NOTES
[*] Judges Chiasson, Edwards and Lear of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Of course, the trial court could not have avoided the error, since this conviction predated the Payton decision.
[2] When a conviction is reversed because of trial court error, the defendant may be retried for the same offense. But when a conviction is reversed because of insufficiency of evidence, the reversal by the appellate court is the equivalent of an acquittal of that offense. See Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).
[3] In the present case the jury had to find all of the elements of second degree murder in order to convict defendant of first degree murder, under the erroneous instructions given by the court.
[4] See footnote 2.