PER CURIAM.
Relator was charged by grand jury indictment with first degree murder in violation of La.R.S. 14:30. The crime was committed on January 28, 1978, after the amendment of Louisiana’s second degree murder statute in 1977, Acts No. 121. Relator was found guilty as charged following a jury trial in April of 1978, or before this Court’s decision in State v. Payton, 361 So.2d 866 (La.1978), became final in August of 1978. In the sentencing hearing that followed, the jury returned a recommendation of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This Court then affirmed relator’s conviction and sentence on appeal. State v. Burnham, 369 So.2d 1331 (La.1979).
Relator now seeks post-conviction relief on grounds that the trial court’s jury *657 charge misled his jurors with regard to the essential elements of first degree murder. Our decision in State v. Payton, supra, made clear that the 1977 amendment of second degree murder had impliedly incorporated some of the aggravating circumstances found in the capital sentencing provisions of La.C.Cr.P. art. 905.4 into the substantive definition of first degree murder. Here, the trial court charged the jury that “[t]he elements of the crime of first degree murder are the killing of a human being and the specific intent either to kill or to inflict great bodily harm.” The court did not instruct the jury that an aggravating factor (Art. 905.4; State v. Payton, supra) was an essential element of the crime of first degree murder. The court went on to instruct the jury (properly) with regard to the definitions of second degree murder (1977) and manslaughter applicable at the time of the offense.
The trial court’s charge could have misled the jury, despite the fact that on the evidence at trial a rational fact-finder could have found that the murder was committed in the course of an armed robbery. According to a C.J. Greer, defendant showed him the victim’s wallet, subsequently recovered by the police from under a bridge, and remarked, “... After all of that the man only had $2.95.” Nevertheless, juries in Louisiana are not required to explain their recommendation of life imprisonment in a capital case. We therefore cannot decide on this record whether the jurors found that the mitigating circumstances in this case outweighed the aggravating factors, or whether they may have had lingering doubts about the credibility of Greer, and a reasonable doubt as to whether an armed robbery (consistently denied by relator in his statements to the police) had been committed. Compare, Baldwin v. Blackburn, 653 F.2d 942 (5th Cir.1981), cert. denied, 456 U.S. 950, 102 S.Ct. 2021, 72 L.Ed.2d 475 (1982), rehearing dismissed, 457 U.S. 1112, 102 S.Ct. 2918, 73 L.Ed.2d 1323 (1982). The trial court’s charge therefore deprived relator of the opportunity to obtain a verdict from his jury that he had not committed first degree murder. We also find that counsel’s failure to object to the trial court’s charge was excusable under the circumstances. The trial court’s instruction complied with the literal terms of the statutes in effect at the time of the offense. The basis for objecting to that charge, and correcting it, did not come until some four months after trial when Payton was decided. Baldwin v. Blackburn, supra, 653 F.2d at 951; compare, State v. Thomas, 427 So.2d 428 (La.1982) (on rehearing).
Nevertheless, the error in the trial court’s charge did not impair the reliability of the jury’s verdict that relator had committed an unprovoked specific intent homicide, not a manslaughter occasioned by the victim’s homosexual advances, as argued by counsel in his closing remarks. That determination was fully supported by the evidence at trial, and corresponds to one definition of murder applicable at the time of the offense and responsive to the indictment in this case: second degree murder, or an unaggravated specific intent homicide, La.R.S. 14:30.1(B) (1977). A remand for retrial of this case as a first degree murder in order to correct the trial court’s mistake would not, under these circumstances, serve any useful purpose. Compare, State v. Love, 410 So.2d 1045 (La.1982). Defendant may not be resentenced to death by a second jury, Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981); State v. Washington, 380 So.2d 64 (La.1980), and the determination of his first jury that he committed (at least) an unprovoked specific intent homicide otherwise appears free from error.
Accordingly, relator’s conviction and sentence for first degree murder are set aside, and this case is remanded to the trial court with instructions to enter a judgment of guilty of second degree murder, and to sentence relator to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for 40 years. See, State v. Byrd, 385 So.2d 248 (La.1980).
*658 CONVICTION AND SENTENCE SET ASIDE; CASE REMANDED FOR ENTRY OF JUDGMENT OF GUILTY OF SECOND DEGREE MURDER AND FOR SENTENCING.
LEMMON, J., concurs.