HAMITER, Justice.
 

 In a bill of information the defendant, Avery McNeal, was charged with the theft: of a horse, valued at $100, the property,of E. S. McCain. A jury of five, after trial, found “the accused guilty as charged with the value less than $100 and more than $20.” For this offense (a felony) he was sentenced to a term of twelve months in jail, six months thereof being suspended.
 

 From the conviction and sentence defendant is appealing.
 

 Whether the district judge had authority to suspend a portion of the term of the sentence, imposed, in view of the jury’s failure to recommend the suspension, is a question we need not and. dq not .pass upon. The state has .not suggested the illegality of the sentence, either, on.an.ap;; peal of its own, which it could have per; fected — Criminal Code of Procedure, Article 527, or on this appeal of defendant'; and, naturally, the accused is not complaint ing of the suspension. Moreover, oúr ju-’
 
 *667
 
 risdiction of the case is unaffected by the fact that a portion of the sentence actually imposed has been suspended. See State v. Laborde, 214 La. 644, 38 So.2d 371.
 

 For a reversal of his conviction and sentence, defendant relies on three bills of exceptions. Under the first he urges, without particularizing, that the verdict of the jury was contrary to the law and the evidence. According to our well settled jurisprudence this presents nothing for review. State v. Washington, 207 La. 849, 22 So.2d 193 (and cases therein cited).
 

 The second bill of exceptions brings before us for consideration the following remark made by the district attorney in his closing argument to the jury:
 

 “ ‘It was quite significant that accused had placed none of his near neighbors to testify in his behalf to the effect that he (defendant) did at one time own an animal such as the one in question today, although he had admitted that he had near neighbors.’ ”
 

 Defendant objected to the remark on the ground that the state carried the burden of proving beyond a reasonable doubt the guilt of the accused; that it was not incumbent on defendant to produce any witnesses to establish his innocence; and that the argument was prejudicial and denied the constitutional right of a fair and impartial trial,
 

 Defendant having testified that certain of his neighbors knew of his ownership of the horse, it was proper for the district attorney to offer the comment to which objection is urged. “Counsel have the right to draw from the evidence received, or from the failure to produce evidence shown to be in the possession of the opposite party, any conclusion which to them may seem fit, but counsel have no right to draw from such evidence or suppression of evidence an incorrect conclusion of law.” Art. 382, Code of Criminal Procedure. See also State v. Flattmann, 172 La. 620, 135 So. 3; State v. Simmons et al., 167 La. 963, 120 So. 612; State v. Scruggs, 165 La. 842, 116 So. 206.
 

 Under the remaining bill of exceptions appellant complains of the court’s refusal to grant a new trial for alleged newly discovered evidence, it being in the nature of opinions rendered by three veterinarians, who examined the horse in question following the jury’s verdict, that the animal was from six to twelve months under the age of four years. Those opinions, defendant insists, were extremely material inasmuch as age was an important factor in determining ownership, the prosecuting witness having testified that his animal was about five years old whereas defendant placed the age of the horse possessed by him at three years.
 

 Much discretion is vested in the trial judge with reference to the granting of a new trial on the ground of newly discovered evidence (State v. Heintz, 174 La. 219, 140 So. 28), and in this case we are not satisfied that he has abused it. If age was an important factor, as defendant con
 
 *669
 
 tends, it seems to us that with due diligence the desired expert testimony to establish it could have been timely obtained. On this point, to be sure, defendant argues that he could not anticipate that the animal’s age would be important in determining his guilt or innocence, and that during the trial, when the issue arose, there were no veterinarians immediately available or near enough to give their opinions. But, even in view of those circumstances, we do not find from the record that defendant moved for (and was denied) a continuance so that he might have an opportunity of obtaining and offering the expert evidence.
 

 The conviction and sentence are affirmed.
 

 HAWTHORNE, J.,
 

 fully subscribes to the decree affirming the verdict and to the reasons given therefor, but respectfully dissents from that portion which affirms the sentence, and assigns written reasons.