DENNIS, Justice.
The defendant, Andrew Collins, was convicted by a jury of armed robbery, La. R.S. 14:64, adjudged to be a multiple offender, and sentenced to fifty years at hard labor without benefit of parole, probation, or suspension of sentence.
For reversal of his conviction and sentence the defendant presents four assignments of error.[1] Of these assignments only one need be discussed as the others clearly have no merit under the existing law.[2]
Assignment of Error Number Seven presents the issue of whether the trial court improperly curtailed the scope of the defendant’s closing argument. A brief recitation of the facts surrounding the commission of the crime is necessary.
At approximately 9:00 p. m. on December 25, 1974, an armed man, later identified as the defendant, entered a convenience store in Kenner and demanded money from the elerks. At the time of the robbery seven persons were present in the store — three clerks and four customers. After ordering everyone to lie on the floor, the defendant left the store with a paper bag containing money taken from the cash registers. An off duty police officer observed the defendant exit holding a gun and a paper bag and enter an automobile driven by another person. After observing the occupants of the store lying on the floor the officer pursued the car and apprehended the defendant and the driver about eight blocks away. The defendant was brought back to the store where he was identified by two of the clerks, Dewey Pulliam and Calvin Milto.
Although seven persons were present in the convenience store during the robbery, the State called as witnesses only two of the clerks, Dewey Pulliam and Calvin Milto. Both men positively identified the defendant at the trial as the perpetrator of the robbery. During cross-examination Pul-liam testified that four customers who were present during the crime resided in Baton Rouge. He stated that he had given a list of their names and addresses to the district attorney. No testimony as to the whereabouts of the third clerk, Bobby Dickson, was elicited at the trial.
The attorney for the defendant made the following statement during his closing argument:
[Defense counsel]: “Let’s look at what the State has. The State seems quite confident that it has a very good case because it brought some witnesses out here, but, think back a moment. Do you remember what some of those witnesses said about others in the store? There were seven people in that store. How many did the State see fit to bring here today?”
*552 An objection by the prosecuting attorney was sustained, and the defendant assigned as error the court’s refusal to allow his counsel to comment upon the State’s failure to call the witnesses.
The question presented by the ruling is whether, under the circumstances of the case, defense counsel was entitled to argue that the jury should invoke an inference adverse to the prosecution’s case because of its failure to call witnesses. It is related but not identical to the question of whether a party has a right to have such an inference explained in instructions to the jury, on proper request. Both questions depend upon a determination of whether the inference is allowable under the evidence of the particular case.
In fact, whether in a particular trial a party’s failure to call a witness may be used against him is so much a part of the context in which it arises that it is extremely difficult to formulate hard and fast rules which will govern in future cases. Rather than regarding judicial pronouncements in this area as rules, it is preferable to construe them as discussions and analyses of particular situations which may serve as guidelines for determining when the inference may be invoked in future cases. See, Pugh, Louisiana Evidence Law 716 (1974).
Accordingly, Professor McCormick has cautioned us against the development of elaborate rules of law defining the circumstances when the inference is allowed; and he has warned against “spinning a web of rules” for tight control of the argument on the inference:
“It is wiser to hold that if an argument on failure to produce proof is fallacious, the remedy is the usual one, namely the answering argument and the jury’s good sense. Thus the judge would be called on to intervene only when the argument can be said, under the general standard, to be not merely weak or unfounded, but unfair and prejudicial.” McCormick, Evidence, § 272 (2d ed. 1972).
It is evident from this court’s frequent approval of prosecutors’ arguments in this vein that we are in agreement with Professor McCormick and do not approve of the trial courts exercising tight control of the argument on the inference. E. g., State v. Pounds, 359 So.2d 150 (La.1978); State v. Hamilton, 334 So.2d 383 (La.1976); State v. Williams, 311 So.2d 850 (La.1975); State v. McNeal, 214 La. 664, 38 So.2d 378 (1948).
In passing on the question of when to curtail argument on the inference the trial judge has a substantial measure of discretion. However, in the instant case the trial court erred in sustaining the prosecution’s objection to defense counsel’s argument directing the jury’s attention to the failure by the State to produce the other witnesses to the robbery. There was a possibility that these other eyewitnesses had been unable to identify the defendant immediately after the robbery. The State’s sole reason for objecting to the argument was that the witnesses were in Baton Rouge. But the witnesses’ names and addresses had been furnished to the State shortly after the robbery and they could have been compelled to attend by subpoenas. Under these circumstances, an argument by defense counsel on the inference would not have been unfair or inappropriate.
Nevertheless, we are unable to find that the error complained of constituted a substantial violation of the defendant’s rights so as to warrant reversal of his conviction. La.C.Cr.P. art. 921. Defense counsel referred to the State’s failure to call the witnesses once before he was stopped by the objection. Later during the closing argument defense counsel stated:
“The State must prove its case beyond a reasonable doubt. The State is very cocky when it walks up here with its police officer and two witnesses and thinks they have done it. They stopped. That’s the end of it.”
At another point defendant’s attorney argued:
“ * * * I suggest to you that when you look at the discrepancies among the witnesses that the State has seen fit to put before you only those two or three *553 with Officer Congemi and the other evidence man who didn’t really have anything to do with it, that’s all the State saw fit to bring to you today was those.”
A reading of his entire closing argument reveals that the defense counsel, in spite of the trial court’s prohibition, brought to the attention of the jury on several occasions the State’s failure to call all of the witnesses to the robbery.
Accordingly, for the reasons assigned, the defendant’s conviction and sentence are affirmed.

. Defendant originally designated seven assignments of error. Three of these have not been briefed or argued and are deemed abandoned.

. Assignment of error number one deals with a motion to suppress out of court identifications; assignment number four deals with a request to inspect police reports; assignment number six deals with a denial of a motion for a directed verdict. An examination of the record reveals that these assignments are without merit.