CALOGERO, Justice.*
Gerald Dickerson was arrested and charged with theft in violation of R.S. 14:67. Defendant was found guilty by a twelve person jury and was sentenced to two years at hard labor. Defendant appeals his conviction and sentence to this Court. Only assignments of error numbers five and six have been argued. Therefore, assignments of error numbers one through four and seven through nine need not be considered. State v. Collins, 362 So.2d 550 (La.1978).
The following facts were adduced at trial: Defendant and an accomplice practiced a confidence scheme known as “drop the pigeon.” In the present case, on May 7, 1977, the victim, Bernard Johnson, was approached outside the Circle Food Store at N. Claiborne and St. Bernard Avenues in the City of New Orleans by a black male with a foreign accent, who was later identified as Samuel Garfield, Jr. Johnson had just cashed a check for $170.00. The “foreigner,” Garfield, explained to Johnson that he was a seaman who had just arrived in the city. He asked defendant for directions to a motel the name of which he had written down on a slip of paper and stated that he was going to procure a prostitute there and had already paid for the name of the motel and/or the promised services. The victim had never heard of the motel and could not give directions. The defendant Dickerson then entered the conversation between the two men, and by his manner and conversation appeared to be trying to swindle the seaman of his money, which appeared to be quite a large bankroll. Actually, the large roll of money was no more than a one dollar bill wrapped around a large amount of play money. While Johnson’s motivation may not have been entirely so simple, he testified that he attempted to keep defendant from swindling the seaman. At some point it was agreed that the seaman would place all of his money in a handkerchief that would be securely tied and entrusted to Johnson’s care and that Johnson would keep the money at his home until the seaman came to get it. Johnson gave the man his name and address. To assure the money’s safety and Johnson’s trustworthiness, it was suggested that Johnson place the $170.00 he had just received upon cashing his check in the handkerchief along with the seaman’s money. Johnson reluctantly agreed, placed his money in the handkerchief and tied the money in it. The seaman said that he would tie a stronger knot, because he was familiar with such things. At some point during the conversation, the handkerchief with Johnson’s money and the fake roll of money in it was handed over to the seaman who switched handkerchiefs and returned to the victim a handkerchief in which nothing but shredded newspaper was tied. The victim unaware of the switch went home with the newspaper filled handkerchief, and without his $170.00. When he arrived at home, his brother told him that he had been tricked. Johnson then untied the handkerchief and discovered the theft. He threw the newspaper filled handkerchief away, then called the police. On November 1, 1977, defendant was arrested outside of Schwegmann Brother’s Supermarket, 2222 St. Claude Avenue. What he was doing at the time of or shortly before his arrest is not disclosed by *705 the evidence. However, a handkerchief and shredded newspaper as well as a roll of play money were taken from him at that time.
Defendant was originally indicted on four counts of theft, all similar in modus operan-di to the instant case. Prior to trial three of the four charges were severed and were later nolle prossed.
The only assignments of error argued concern testimony relative to and introduction of evidence seized from defendant at the time he was arrested outside Schweg-mann’s Super Market, approximately seven months after the crime with which he is here charged. Defendant’s counsel objected that the evidence — a handkerchief, shredded newspaper and roll of play money — had no permissible relevance to this prosecution, that it was evidence of another crime tending to establish that the man arrested outside Schwegmann’s was the same man who had tricked Johnson outside Circle Pood Store (identity), and that the requirements of advance notice and pretrial hearing mandated by State v. Prieur, 277 So.2d 126 (La.1973) had not been complied with. After adverse rulings defendant moved for a mistrial. The trial court’s denial of the mistrial is also assigned as error.
Defendant in brief concedes that the conduct he claims to be evidence of another crime (defendant’s being in possession, at the time of his arrest outside Schwegmann’s, of the handkerchief, newspaper and play money) is “probative of guilt through proof of system in order to prove identity.” He protests, however, that the state did not give notice of its intent to use evidence of other crimes nor provoke a pretrial hearing on its admissibility which he contends are required by Prieur.
The argument is without merit. The state did not here offer evidence of another criminal offense. It is not criminal to possess a handkerchief, newspaper and play money. Nor did the testimony objected to indicate that defendant was arrested for committing a theft outside of Schweg-mann’s. As we said in State v. Elam, 312 So.2d 318, 324 (La.1975) “the Prieur notice requirement is, by the opinion itself [Pri-eur], confined to cases where the State intends to offer evidence of ‘other criminal offenses’.”
In this case where defendant never conceded his involvement in the incident outside of the Circle Food Store (he did not testify), the state had legitimate reason to try to bolster the identification testimony given by the victim and did so by showing a peculiar or distinctive characteristic. Johnson testified the man who had robbed him had in his possession at the time of the incident a handkerchief, shredded newspaper, and roll of play money.
Defendant, who was identified by the victim, but who did not concede his involvement in the Circle Food Store incident, was found by arresting officers some seven months later possessing a handkerchief, newspaper, and play money.
The evidence was independently relevant. It bore upon identification of the thief who made off with Johnson’s money. It was not evidence of commission of another crime. Therefore Prieur and its procedural requirements are not applicable.

Decree

For the foregoing reasons the conviction and sentence of the defendant Gerald Dickerson are affirmed.
AFFIRMED.

Judge Cecil C. Cutrer, Louisiana Court of Appeal, Third Circuit, participated in this decision as an Associate Justice Ad Hoc.