DENNIS, Justice,
concurring.
I concur in the court’s rejection of defendant’s double jeopardy argument because the granting of the mistrial by the trial judge was induced by inappropriate conduct on the part of defense counsel. First, the defense counsel insisted that he could not “professionally go forward” with the trial due to the fact the state had not informed him that Mr. Justice was to be a witness. However, the Code of Criminal Procedure requires only that the state give to the defense a list of witnesses that the state plans to use to rebut alibi testimony. See C.Cr.P. art. 727 B. It is clear that Mr. Justice did not fall into that category. Further, defense counsel’s desire to withdraw because his client did not want a mistrial was an improper request under the circumstances. See Code of Professional Responsibility, DR 2-110(C); ABA Standards Relating to Providing Defense Services, § 5.3. Since the prosecution was not guilty of any error and because the granting of the mistrial in this ease could not have been manipulated by the state to prejudice the defendant, under the unique circumstances of this case, retrial was not barred. See Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); United States v. Jorn, 400 U.S. 470, 487-88, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (Burger, C.J., concurring) (1971); Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); Westen and Drubel, Toward a General Theory of Double Jeopardy, 1978 Supreme Court Review 81, 96-97, n. 83.