DENNIS, Justice,
concurring.
I respectfully concur to express my disagreement with the majority’s suggestion that “for purposes of analyzing warrant-less automobile searches, the mobile/immobile distinction [has been rendered] no longer relevant” by the United States Supreme Court’s decision in United States v. Ross, 456 U.S. 798,102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). While it is true that this Court has expressed its opinion that applicability of the “automobile exception” does not depend on a distinction “between a vehicle stopped while in motion and then searched (obviously, a vehicle must first be stopped before it is searched) and a vehicle parked in a public place accessible to persons who might either move it or remove evidence from the vehicle,” State v. Hernandez, 408 So.2d 911, 914 (La.1981), that question is still open in the jurisprudence of the United States Supreme Court. In this respect, our discussion in State v. Lewis, 378 So.2d 396, 398 (La.1979) remains valid after Hernandez:
Neither Carroll [v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)] nor any other case in the Supreme Court requires or suggests, however, that in “every conceivable circumstance the search of an auto even with probable cause may be made without the extra protection for privacy that a warrant affords.” Chambers v. Maroney, [399 U.S. 42, 50, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970)]. See also State v. Colvin, 358 So.2d 1250 (La.1978); State v. Parker, 355 So.2d 900 (La.1978). Furthermore, a clear rule for determining when the police may invoke the automobile exception has yet to be fashioned by a majority of the high court. A plurality in Coolidge stated that the lack of warrant invalidated a search of a car after it was seized from the defendant’s driveway under circumstances in which there was no possibility that the car would be moved or any evidence destroyed. Therefore, “no possible stretch of the legal imagination [could make the case into one] where ‘it [was] not practicable to secure a warrant.’ ” Coolidge [v. New Hampshire, 403 U.S. 443, 462, 91 S.Ct. 2022, 2036, 29 L.Ed.2d 564 (1971)]. A different plurality in Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974), however, approved a warrant-less seizure of an automobile for the purpose of inspecting its exterior and tires, and obtaining paint scrapings, emphasizing that the auto, unlike the Cool *141 idge car, “was seized from a public place where access was not meaningfully restricted.”417 U.S.at 593, 94 S.Ct. at 2470.