527 So.2d 1039 (1988)
STATE of Louisiana
v.
Randolph JACKSON.
No. 88-KA-80.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1988.
*1040 Gaynell Williams, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Martha E. Sassone, Gretna, for defendant/appellant.
Before GRISBAUM, DUFRESNE and GOTHARD, JJ.
*1041 GOTHARD, Judge.
Randolph Jackson appeals his conviction and sentence for violation of LSA-R.S. 14:64, armed robbery. Jackson was charged by bill of information on April 22, 1985 with two counts of armed robbery which he allegedly perpetrated on November 29, 1984. He pled not guilty, and a jury trial was held on October 28 and 30, 1985, at the opening of which one count was dismissed. On a vote of ten to two the jury found the defendant guilty as charged on the remaining count.
On November 21, the defendant's motion for post-judgment verdict of acquittal and alternate motion for new trial were denied. On December 5, 1985, pursuant to R.S. 15:529.1, Jackson was sentenced as a second offender to thirty-three years at hard labor without benefit of parole, probation, or suspension of sentence. On October 14, 1987, the defendant's motion for out-of-time appeal was granted.
Assignments of Error:
1. The trial court erred in denying defendant's Motion for Post Verdict Judgment of Acquittal which motion was based on the grounds that the evidence was insufficient to justify the verdict.
2. The trial court erred in denying defendant's Motion for a New Trial, which motion was based on the grounds that the Court erred in not granting defendant's request for a mistrial when the State used photographs, not in evidence, in its closing arguments.
3. The trial court erred in denying defendant's Motion for a Special Charge to the jury.
4. The trial court erred in not properly advising the defendant of his rights prior to his being sentenced under the multiple offender statute.
5. The trial court erred in sentencing appellant to an excessive sentence.
6. Any and all errors patent on the face of the record.
Facts:
On November 29, 1984, Jim Wilson was working as night clerk in a Time Saver store in Jefferson Parish. His account of the robbery for which the defendant was convicted is as follows. At around midnight Wilson and the assistant manager, referred to only as "Joe", were behind the counter counting petty cash and making up a bank deposit in preparation for exchanging shifts. Three black people[1] entered the store and began going around in the store. Wilson felt something was wrong, left Joe behind the counter, and walked out into the aisle. The persons then left, but returned fifteen minutes later, two of them holding guns. One screamed, "Don't touch anything, this is a robbery." "They" told Wilson if he moved they would kill him. When they saw Joe they told him to get on the floor and cover his eyes. Wilson recounted that:
They told me to open up the cash register and another one was saying get on the floor, and I was confused and I didn't know what to do, I was afraid for my own life. So, I finally hit the cash button and then I immediately got to the floor.
. . . . .
At that point, one of them, I don't know which one put a gun to my head and told me if I moved, he told me, I remember quite well, he said, "If you move m ... f ..., I will blow your brains out."
He did not close his eyes entirely and watched one of the robbers take the money from the safe and cash register. Wilson identified Randolph Jackson in a photographic lineup and again at trial.
The defendant's alibi is that he spent the entire evening with his niece, Lillian Stevenson, and her boyfriend, Stephen Lewis, in a New Orleans lounge. Both persons testified that the defendant did not leave the lounge from 10:00 p.m. until 4:00 a.m.
*1042 Assignment of Error Number 1
The defendant asserts that the evidence was insufficient to justify the jury verdict, and the judge erred in denying the defendant's motion for post-verdict judgment of acquittal.
In assessing the sufficiency of evidence, the due process standard as stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that the reviewing court determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986). The Jackson v. Virginia standard has been codified in Louisiana by C.Cr.P. art. 821. Jackson v. Virginia specifically requires the state to present evidence which negates the possibility of a misidentification. State v. Davis, 409 So.2d 268 (La.1982).
The crime of which Randolph Jackson was convicted is armed robbery, which is defined in LSA-R.S. 14:64 as, "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
The defendant attacks the identification by Wilson on several grounds. He asserts that it would have been impossible for Wilson to view the perpetrator long enough in the first exposure. Considering Wilson's testimony that he was suspicious of the three people as soon as they came in and moved closer to them to see whether they were shoplifting, we conclude that he got a good view of the defendant at that time. The fact that he could not see the persons' faces later when he was lying on the floor does not negate his having recognized them immediately when they reentered the store only fifteen minutes later. Nearly a year later at trial Wilson positively identified Jackson and testified that he had no doubt at all that the defendant was the same man.
The defendant asserts that the photographic line-up identification was invalid as being suggestive, because Wilson was aware that a suspect's picture was in it. Officer Danny LeBlanc testified that he told Wilson that he "needed him to view some photographs of the incident that had occurred, possibly the perpetrator." Such a statement does not, in itself, constitute suggestiveness, as it is assumed that when a person is asked to view a lineup, a suspect will be included. State v. Knight, 323 So.2d 765 (La.1975); State v. Boutte, 447 So.2d 1229 (La.App. 5th Cir.1984). There being no other complaint about the line-up and as the victim immediately picked out Jackson's picture, we find no problem with the identification.
The testimony of Lillian Stevenson and Stephen Louis as to Jackson's spending the evening with them on the night of the robbery was apparently not believed by the jury. A discrepancy between the accounts of the two witnesses casts doubt on the truth of the alibi. Ms. Stevenson stated that she did not go to work the morning after she had returned home at 4:00 a.m. with Louis and Jackson, because she had a day off, while Louis testified that they talked an hour and a half or two and then she went to work. We note further that Ms. Stevenson testified that the three had not gone out together since. As the credibility of witnesses falls within the discretion of the jury, its verdict will not be disturbed unless it is clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983). We find that the record supports the jury's verdict and find no merit in the assignment of error questioning sufficiency.
Assignment of Error Number 2
The defendant asserts that because the state used photographs not in evidence in its closing arguments, the court erred in denying defendant's motion for new trial.
At the beginning of the state's case, the trial judge sustained the defendant's objection to the introduction of the lineup pictures on grounds of lack of a proper foundation. Detective LeBlanc testified that Wilson wrote his name on the back of the photograph he pointed out as Jackson, *1043 along with the word "positive." Also on the back of the card had been written a physical description on the person in the picture. In his closing argument, the district attorney showed Wilson's writing to the jury but, as observed by the court, covered the other writing with his hand. The judge denied the motion for mistrial and allowed the district attorney to argue about what Wilson said about his writing but ordered him not to show the photograph to the jury.
The district attorney's closing arguments clearly went outside the scope of La.C.Cr.P. art. 774, which limits the argument to "evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case." For the district attorney's action to be grounds for mistrial, or for reversal on appeal, there must be a showing that the impropriety influenced the jury and contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984). La.C.Cr.P. art. 921.
Both Detective LeBlanc and Wilson had testified to Wilson's positive identification of the photograph and his writing on the back under questioning by defendant's counsel as well as the district attorney. The jury already knew of the photograph identification so that the district attorney's action did not affect substantial rights of the defendant. State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983), writ denied, 433 So.2d 711 (La.1983). Accordingly, we find that this assignment lacks merit.
Assignment of Error Number 3
The defendant asserts that the trial court erred in denying defendant's motion for a special charge to the jury. The defendant requested the following special jury charge:

Failure To Call A Witness With Particular Knowledge.
Failure to call a witness which it has available and who possesses particular knowledge of material facts pertinent to the resolution of the case, entitled the opposing party to the presumption that the witness's testimony would be unfavorable. [Citations omitted.]
La.C.Cr.P. art. 807 provides that a special charge "shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent...." It is surmised that the requested charge was based on LSA-R.S. 15:432, which reads as follows in pertinent part:
A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption attaching to the regularity of judicial proceedings; ... that evidence under the control of a party and not produced by him was not produced because it would not have aided him; ...
The reason for requesting the charge was the state's unexplained failure to call "Joe", the assistant manager of the Time Saver, as a witness who was in possession of facts pertinent to the case. The presumption would not have applied in this instance because there is no indication in the record that the witness was in the control of the state. The defense was free to obtain any exculpatory information in the possession of the state under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and State v. Yarbrough, 418 So.2d 503 (La.1982).
We point out also that the defendant's rights were not prejudiced because his counsel brought the matter to the jury's attention at length in his closing argument. See State v. Collins, 362 So.2d 550 (La. 1978). For these reasons, we find that the assignment is without merit.
In summary, we find that the assignments of error pertaining to the conviction are without merit and we affirm the conviction. The remaining assignments pertain to sentencing.
Assignment of Error Number 4
In this assignment the defendant avers that the court erred in failing to advise him of his rights prior to his being sentenced under the habitual offender statute.
*1044 At the sentencing hearing of December 5, 1985, the district attorney reported to the court as follows, regarding the state's multiple offender bill:
Your Honor, in return for a stipulation that the defendant is the same Randolph Jackson who has previously been convicted under Docket # 80-1492, Division H, of the Twenty-Fourth Judicial District Court on July 22nd, 1980, previously being convicted of a felony of theft of $499 in violation of R.S. 14:67, the State will amend its petition to reflect only a double bill in this matter, Your Honor, instead of a triple bill.
Counsel for the defendant then stated:
I have consulted with my client and advised him of the enhancement under a triple bill and the reduced enhancement of a double bill, and under a triple bill that he could be sentenced to a minimum of 50 years, and a double bill he could be sentenced to a minimum of 33 years. And Mr. Jackson has consented to the entry or consent to a double bill in this matter according to the District Attorney's amendment of this bill of information. We will admit the allegation he is a second offender in this proceeding.
. . . . .
For the record, Your Honor, I have explained to him what the burden of proof is upon the State to prove the subsequent offense and he understood it, and based upon that he admitted to the second offense statute.
As the defendant was represented at trial, at the hearing of the motion for new trial, and in the sentencing proceedings by the same counsel, in all likelihood he was aware of his rights and knowingly agreed to the "double bill"; however, the habitual offender statute must be construed strictly. State v. Simmons, 422 So.2d 138 (La.1982). As explained by the court in State v. Johnson, 432 So.2d 815, 817 (La.1983), R.S. 15:529.1(D)[2] provides safeguards which the trial court must observe:
This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a "formal hearing" and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent.
See also State v. Gilbert, 520 So.2d 1184 (La.App. 5th Cir.1988); State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986).
Here, the court accepted the attorney's statement without repeating the explanation of his rights to the defendant.
*1045 Accordingly, we must vacate the sentence and remand for resentencing. State v. Johnson, supra.
Assignment of Error Number 5
The defendant asserts that the sentence is excessive. Although we hold that the defendant must be resentenced, we note that the sentence of thirty-three years at hard labor without benefit of parole, probation or suspension of sentence is not excessive because it is the minimum he could receive under R.S. 14:64 and R.S. 15:529.1(A)(1).[3] We also take note of an error patent, in that the sentencing transcript, minute entry, and commitment all fail to give credit for time served in imposing sentence contrary to La.C.Cr.P. art. 880.
For the reasons assigned above, we affirm the conviction appealed from but vacate the sentence and remand for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.
NOTES
[1] Two of the persons were men and the other was determined later to have been a woman dressed as a man.
[2] If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.
[3] LSA-R.S. 14:64 provides: "Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence."

LSA-R.S. 15:529.1(A) provides for enhanced punishment as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for the first conviction[;]