563 So.2d 530 (1990)
STATE of Louisiana
v.
Melvin WASHINGTON.
No. 90-KA-59.
Court of Appeal of Louisiana, Fifth Circuit.
June 6, 1990.
*531 Harry J. Morel, Jr., Dist. Atty., Kurt Sins, Asst. Dist. Atty., Hahnville, for plaintiff/appellee.
Mark A. Marino, Destrehan, for defendant/appellant.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
On April 10, 1989 the defendant, Melvin Washington, was charged by Grand Jury indictment with five counts of distribution of cocaine in violation of LSA-R.S. 40:967. He was arraigned on May 25, 1989 and pled not guilty. At the start of the trial on August 31, 1989 state motions to sever count four and continue counts two, three and five were granted by the court. A jury trial on count one resulted in a verdict of guilty as charged.
A bill of information was filed on November 17, 1989 charging the defendant as a multiple offender pursuant to LSA-R.S. 15:529.1. On the same day the defendant, after waiving delays, was sentenced as a third offender to an enhanced sentence of fifteen years at hard labor. Defendant appeals his conviction.

FACTS:
As part of an undercover narcotics investigation in Boutte, Detective Anthony Atkins of the St. Charles Parish Sheriff's office moved into the Ponderosa Boarding House in September, 1988 and was befriended by James Gilbert. It became the custom of Gilbert and Detective Atkins to play cards on Wednesday nights at Helen's lounge in Boutte. On February 22, 1989 Detective Atkins, accompanied by Detective Randy Campbell, an undercover officer on loan to St. Charles Parish from Vermillion Parish, went to Helen's lounge. Detective Campbell posed as Detective Atkins' cousin, a truck driver in town for the night. Gilbert was also in the lounge for the usual card game with Atkins. While at the lounge the men discussed narcotics and Gilbert offered to introduce Campbell to a friend who could supply cocaine. The trio left the lounge and drove to defendant's apartment in the Boutte projects. Gilbert got out of the car and went into the apartment. Shortly after Gilbert returned, the defendant came up to the car and offered Detective Campbell three bags of a white powdery substance for inspection. The detective chose one and returned the other two and twenty dollars to the defendant. The defendant went back into his apartment and Gilbert along with the detectives returned to the lounge to resume their card game. At the conclusion of the investigation Washington, along with several others, was arrested for distribution of cocaine.
On appeal the defendant argues[1] that the trial court erred in allowing the prosecutor to go beyond permissible argument allowed under LSA-C.Cr.P. art. 774. Defendant's argument is based on two comments made by the prosecutor in rebuttal argument.
In his closing argument, counsel for the defense quoted the Preamble of the United States Constitution. Referring to that quotation and emphasizing the Preamble's use of the term "common defense," the prosecutor made the following statement in his rebuttal argument:

*532 If you don't think it's a war out there, you haven't been awake for the last couple of years. What's destroying we, the people of the United States, right now and the United States? It's the dope dealer. It's the retail outlet for the cartels that finally funneled down and our kids and our people get the dope, the crack cocaine, the powder cocaine.
A defense objection was sustained and the prosecutor continued his rebuttal without further comment from defense counsel. At a later point in the rebuttal argument the prosecutor attempted to answer a question posed by defense counsel in closing argument illustrating the fact that no recording of the drug transaction was made by the officers to corroborate their version of the drug sale. The prosecutor stated:
"why not a recording? Tony Atkins told you. He tried that. The first few cases trying to do it. And he got caught with it. Now what happens out on the street? There's back up, you're there by yourself, and you get caught with a tape recording in a dope deal? You think that's healthy?"
Defense counsel objected and the trial court sustained the objection with an instruction to the prosecutor to confine his comments to the facts of the case. In neither instance did defense counsel request a mistrial or an admonition to the jury.
Defendant argues that the first comment is a highly prejudicial remark which improperly turns the prosecutor's argument into a plebiscite on crime and implies that the defendant is part of a drug cartel. He argues that the second comment goes beyond the evidence adduced at trial.
LSA-C.Cr.P. art 774[2] defines the permissible scope of rebuttal argument. As explained in State v. Messer, 408 So.2d 1354 at 1356 (La.1982);
A prosecutor should refrain from argument which tends to divert the jury from its duty to decide the case on the evidence by injecting issues broader than the guilt or innocence of the accused under the controlling law or by making predictions of the consequences of the jury's verdict. American Bar Association Standard 5.8(d).
See also State v. Smith, 520 So.2d 1305 (La.App. 5th Cir.1988).
Although we agree that the remarks were improper and defense objection properly sustained, this court will not overturn a guilty verdict for improper argument unless thoroughly convinced that the jury was influenced by the questionable remarks and that they contributed to the verdict. State v. Jarman, 445 So.2d 1184 (La.1984); State v. Smith, supra.
We cannot say the prosecutor's remarks were so inflamatory as to direct the jury from a decision based on the evidence. The evidence presented by the undercover detectives at trial fully supported the guilty verdict. We are not thoroughly convinced that the prosecutor's remarks influenced the jury or contributed to the verdict. State v. Cage, 554 So.2d 39 (La.1989). This assignment is without merit.
We have reviewed this record for errors patent as permitted and defined by LSA-C.Cr.P. art 920.[3] For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and *533 State v. Schneider, 542 So.2d 620 (La.App. 5th Cir.1989), writ den 548 So.2d 1245 (La. 1989).
Initially we note that the defendant's enhanced sentence was not specifically imposed without benefit of probation or suspension of sentence as required by LSA-R.S. 15:529.1 G. However, since the trial court did not, in fact, suspend any portion of the sentence or impose any probationary period, we find substantial compliance with the sentencing directive in the multiple offender statute.
When a multiple offender bill of information is filed LSA-R.S. 15:529.1 D provides that the trial court shall order the defendant to appear before it and "shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." LSA-R.S. 15:529.1 also implicitly requires that the court advise the defendant of his right to remain silent. State v. Johnson, 432 So.2d 815 (La.1983) writ granted on other grounds, 438 So.2d 1113 (La.1983).
This court has consistently vacated enhanced sentences handed down by the trial court upon acceptance of a plea of guilty by a defendant who has not been informed of his rights in a multiple bill hearing. State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986); State v. Gilbert, 520 So.2d 1184 (La.App. 5th Cir.1988) appeal after remand 535 So.2d 1313 (La. App. 5th Cir.1988); State v. Jackson, 527 So.2d 1039 (La.App. 5th Cir.1988).
While we acknowledge that the failure to advise a defendant of his right to a trial and to remain silent in a multiple bill hearing is error, we believe in the instant case the error is harmless. The trial court read the predicate offenses charged by the multiple bill and the defendant was asked to admit or deny the allegations. He denied them and the state was forced to meet its burden of proving that the defendant was a three-time felony offender. While the defendant was not advised of his rights, the trial court honored them.
The instant case differs from the above cited jurisprudence in that the multiple offender status was established by competent evidence offered by the state at the hearing rather than by an admission of the defendant. Consequently, the failure of the trial court to advise the defendant of his rights is harmless error. State v. Mallett, 552 So.2d 28 (La.App. 3rd Cir.1989); LSA-C.Cr.P. art 921. Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] This assignment of error was asserted by defense counsel in brief. The defendant also filed a pro se brief which will not be considered since a defendant has no right to be both represented and representative. State v. Bodley, 394 So.2d 584 (La.1981) concurred 435 So.2d 421 (La. 1983).
[2] The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.

The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
[3] "The following matters and no others shall be considered on appeal: (1) An error designated in the assignment of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."