694 So.2d 505 (1997)
STATE of Louisiana
v.
Richard MAHOGANY.
No. 96-KA-1137.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1997.
*506 Edward Newman, Orleans Indigent Defender Program, New Orleans, for Richard Mahogany/Appellant.
Harry F. Connick, District Attorney of Orleans Parish, Theresa A. Tamburo, Assistant District Attorney of Orleans Parish, New Orleans, for State of Louisiana/Appellee.
Before BARRY, LANDRIEU and MURRAY, JJ.
BARRY, Judge.
The defendant was convicted of aggravated rape, La. R.S. 14:42, and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals and assigns several errors. We find merit in the first argument and pretermit discussion of the other assignments.
The defendant argues that he did not validly waive his right to counsel. U.S. Const. Amend. VI, as well as La. Const. art. I, § 13, guarantees the defendant in a criminal proceeding the right to assistance of counsel for his defense. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); State v. Carpenter, 390 So.2d 1296 (La.1980).
The accused may waive his right to counsel and exercise his right to self-representation so long as the record reflects that the waiver of counsel has been knowingly and intelligently made. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 *507 (1975). Relevant to a determination of whether there has been an intelligent waiver are the facts and circumstances of each case including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Also pertinent to such a determination is the trial judge's assessment of a defendant's literacy, competency, understanding and volition. Faretta, supra.

The choice of self-representation can only be made after the defendant has been made aware of the dangers and disadvantages of self-representation "so that the record will establish that `he knew what he is doing and his choice is made with eyes open'". Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The record must also reflect that the defendant's choice of self-representation is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977).
The burden of establishing that the defendant knowingly and intelligently waived his constitutional right to the assistance of counsel is on the State. State v. Brooks, 452 So.2d 149 (La.1984), concurring opinion 483 So.2d 140 (La.1986). The propriety of granting a defendant the right to represent himself should not be judged by what happens in the subsequent course of the representation; it is the record made in recognizing that right that is determinative. State v. Dupre, 500 So.2d 873 (La. App. 1st Cir.1986), writ denied 505 So.2d 55 (1987).
Though a defendant does not have a constitutional right to be both represented and representative, the district court has the discretion to appoint an attorney to assist a pro se defendant. State v. Dupre, supra; see State v. Bodley, 394 So.2d 584 (La.1981), concurring opinion 435 So.2d 421 (La.1983); State v. Boettcher, 338 So.2d 1356 (La.1976). However, when the accused assumes functions that are at the core of the lawyer's traditional role he will often undermine his own defense. Because he has a constitutional right to have a lawyer perform core functions, he must knowingly and intelligently waive his right to assistance of counsel despite the presence of a court-appointed adviser. State v. Dupre, supra.

State v. Desdunes, 576 So.2d 520, 523-24 (La.App. 4th Cir.1990).[1] In accepting a waiver of counsel at trial, the trial court should advise the defendant of the nature of the charges and the penalty range and inquire into the defendant's age, education, and mental condition. The court should determine whether the defendant understands the significance of the waiver under the totality of the circumstances. State v. Strain, 585 So.2d 540 (La.1991), citing Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). There must be a sufficient inquiry (an interchange with more than "yes" and "no" responses by the defendant) to establish on the record that the defendant is making an intelligent and knowing waiver under the circumstances. Id. at 542. The trial court should advise the defendant of the pitfalls of self-representation at trial such as failure to recognize objections to inadmissible evidence and inability to adhere to technical rules governing trials. Factors bearing on the validity of the trial court's determination as to the defendant's waiver of counsel include age, education, experience, background, competency, and the conduct of the defendant as well as the nature, seriousness, and complexity of the charge. Id. at 543-44.
According to the docket master and minute entries, at arraignment the defendant was unattended by counsel and the trial court appointed David Varisco of the Orleans Indigent Defender Program. Harry Tervalon, another OIDP attorney, represented the defendant at a pre-trial motions hearing and for trial on one date which was continued. Varisco represented him for trial on four different dates, but each trial was continued. Varisco was present to represent the defendant on the actual trial date. At the beginning of trial the defendant informed the court that he did not want Varisco to represent *508 him and that he wanted someone else. The following transpired:
BY THE COURT:
Are we ready to try this case this morning?
BY THE DEFENDANT:
Your Honor, I don't want to work with this man, Your Honor. I want somebody else.
BY THE COURT:
Oh, is that right?
BY THE DEFENDANT:
He haven't told me anything. He came to methe only thing he wanted to talk about was fifteen years. That's the only thing. I don't know what's going on. He don't know if I even have any witnesses or anything.
BY THE COURT:
Well, let me ask you something. Do you have funds to hire an attorney?
BY THE DEFENDANT:
No, sir.
I'd rather defend myself than him, and go before the court with it.
BY THE COURT:
You have that right.
BY THE DEFENDANT:
Thank you.
BY THE COURT:
Now I am going to ask you the question again. Do you want a Judge trial or a Jury trial?
BY THE DEFENDANT:
A Judge trial.
BY THE COURT:
Let the record reflect that.
I would advise you to take the assistance of an attorney, but if you care to do it on your own, I am not going to prevent you from doing it. But, I think that we should just make sure that the record is perfectly clear. There is an Orleans Indigent Defender here that has talked to me many times about this case. I had a discussion this morning with him about this case, along with his co-counselor, and they are able to try the case. If you don't want his assistance, I am not at this point going to appoint you another attorney because you just happen to not want this attorney. But, make your selection. If you want to try it by yourself, you can try it that way.
BY THE DEFENDANT:
I'll do it myself.
After the opening statements and the calling of the first witness, the defendant advised the court that he had never been given the file in the case with the bill of particulars and the bill of information. The court instructed the assistant district attorney to give the defendant whatever he wanted. The court noted for the record that the previously appointed defense attorney gave his file to the defendant. The record indicates that the defendant reviewed the papers. The trial then proceeded. The record indicates that attorney Charles Elloie was present to assist the appellant. According to the record, the defendant conferred with Elloie only at the end of trial when the defendant had no more witnesses to call and was asked whether he was resting his case.
The defendant made the decision to waive counsel on the morning of trial when he was denied other appointed counsel. There is no indication that the defendant gave serious thought to his choice of self-representation. The court did not inquire as to the defendant's education, background, or experience to determine if he were capable of conducting his own defense. There was no indication that the trial judge assessed the defendant's literacy or competency. The defendant had not represented himself at pretrial hearings. The trial court did not advise the defendant of the nature of the charge and the possible penalty; it did not advise the defendant of the dangers and disadvantages of self-representation. The defendant's ability at trial and in filing post-trial briefs cannot be considered to determine whether the defendant validly waived his right to counsel at trial.
The trial court has a duty to counsel the defendant on the merits of a waiver, to affirmatively establish the defendant's competence to protect himself in the courtroom, and to express satisfaction that the defendant *509 is aware of the disadvantages he will face.
The trial court never confronted the defendant concerning his waiver of counsel. He mentioned the availability of appointed counsel and then advised the defendant to accept assistance of an attorney.
Under the circumstances the defendant did not validly waive his right to counsel. The defendant's conviction is reversed, his sentence is vacated, and the matter is remanded for retrial.
CONVICTION REVERSED; SENTENCE VACATED; REMANDED FOR RETRIAL.
NOTES
[1] The Louisiana Supreme Court granted the defendant's writ application in this case for the sole purpose of transferring the defendant's application to this Court for consideration in connection with the defendant's pending motion for rehearing, which was denied. State ex rel. Desdunes v. Court of Appeal, Fourth Circuit, 577 So.2d 1011 (La.1990).