749 So.2d 732 (1999)
STATE of Louisiana
v.
Michael J. HODGES.
No. 98-KA-0513.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1999.
*734 Harry F. Connick, District Attorney of Orleans Parish, Susan Erlanger Talbot, Assistant District Attorney, New Orleans, LA, Counsel for State-Appellee.
Karen Godail Arena, Louisiana Appellate Project, River Ridge, LA, Counsel for Defendant-Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge ROBERT A. KATZ.
WALTZER, Judge.
On December 22, 1994, defendant Michael J. Hodges was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967. The defendant entered a plea of not guilty at his arraignment on January 11, 1995, and filed discovery and suppression motions on May 2, 1995. After a motion hearing on July 27, 1995, the trial court found probable cause and denied defendant's motion to suppress evidence. On February 28, 1996, the trial court ordered a lunacy commission and appointed doctors to examine defendant. At the sanity hearing, held on April 16, 1996, defendant was found competent to proceed to trial.
On May 14, 1996, the trial court received and granted the defendant's request to represent himself at trial. At that time, the court appointed the Loyola Law Clinic to assist the defendant. After a jury trial on October 1, 1996, defendant was found guilty of attempted possession of cocaine. *735 On October 9, 1996, the State filed a multiple bill of information to which the defendant pled not guilty. The defendant filed motions for new trial and in arrest of judgment. At the multiple bill hearing, on January 8, 1997, the trial court adjudicated defendant a third felony offender and sentenced him to five years at hard labor. The court granted defendant's motion for appeal and set a return date of March 7, 1997. The trial court denied defendant's motion for new trial on September 9, 1998.

STATEMENT OF FACTS:
New Orleans Police Detective Dwayne Scheurmann and United States Marshall Kevin Page were involved in "Operation Clean Sweep" on November 16, 1994. On that day, they were driving on Gibson Street towards the river when they observed a gray Cadillac with an expired Louisiana temporary tag. The officers activated their vehicle's blue light and siren in an attempt to stop the Cadillac, driven by the defendant. The defendant turned left onto Milton Street and went towards Paris Avenue. He pulled onto the right shoulder of the roadway on Milton Street and stopped. As the officers exited their vehicle, defendant drove off towards Paris Avenue. The officers pursued defendant in their vehicle. Eventually, the defendant left his car on the shoulder and fled by foot.
Detective Scheurmann pursued the defendant in the police vehicle and radioed for help. Marshall Page exited the vehicle and pursued the defendant on foot. Prior to defendant's apprehension by Marshall Page, the defendant threw down a small plastic container filled with a white powdery substance. Officer Edward Dunn, of the New Orleans Police Department Crime Lab, testified that the substance in the plastic container tested positive for cocaine.

ERRORS PATENT:
A review of the record for errors patent reveals the trial court sentenced the defendant prior to ruling on the defendant's post-conviction motions. The defendant filed motions for new trial and in arrest of judgment on October 9, 1996. The trial court sentenced the defendant on January 8, 1997, after adjudicating the defendant a triple felony offender. The trial court did not rule on the defendant's motions for new trial and in arrest of judgment until September 9, 1998.
La.C.Cr.P. article 853 states that a "motion for new trial must be filed and disposed of before sentence." Under La. C.Cr.P. article 873, "[I]f a motion for new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled." Because defendant's motion for new trial was filed prior to sentencing, we must vacate defendant's sentence and remanded the case to the trial court for resentencing. State v. Randolph, 409 So.2d 554 (La.1981); State v. Moran, 584 So.2d 318 (La.App.4 Cir.1991), writ denied, 585 So.2d 576 (La.1991). We find no other errors patent.

ASSIGNMENT OF ERROR NO. 1:
In his first assignment of error, defendant contends the trial court erred in allowing him to waive counsel without first questioning defendant on his education level and advising defendant on the elements of the crime charged, the potential penalty, and the dangers of self-representation.
The 6th Amendment to the U.S. Constitution, as well as Article I, Sec. 13 of the Louisiana Constitution, guarantees a defendant in a criminal proceeding the right to assistance of counsel in his defense. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); State v. Carpenter, 390 So.2d 1296 (La.1980). A recent opinion of this court, State v. Mahogany, 96-1137 (La.App. 4 Cir. 4/30/97), 694 So.2d 505, writ denied, 97-1405 (La.11/7/97), 703 So.2d 33, provides guidance in determining whether a defendant has validly waived his right to counsel.
The accused may waive his right to counsel and exercise his right to self-representation so long as the record reflects *736 that the waiver of counsel has been knowingly and intelligently made. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Relevant to a determination of whether there has been an intelligent waiver are the facts and circumstances of each case including the background, experience, and conduct of the accused. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Also pertinent to such a determination is the trial judge's assessment of a defendant's literacy, competency, understanding and volition. Faretta, supra.
The choice of self-representation can only be made after the defendant has been made aware of the dangers and disadvantages of self-representation "so that the record will establish that `he knew what he is doing and his choice is made with eyes open.'" Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. The record must also reflect that the defendant's choice of self-representation is clear and unequivocal. State v. Hegwood, 345 So.2d 1179 (La.1977).
The burden of establishing that the defendant knowingly and intelligently waived his constitutional right to the assistance of counsel is on the State. State v. Brooks, 452 So.2d 149 (La.1984), concurring opinion 483 So.2d 140 (La. 1986). The propriety of granting a defendant the right to represent himself should not be judged by what happens in the subsequent course of the representation; it is the record made in recognizing that right that is determinative. State v. Dupre, 500 So.2d 873 (La. App. 1st Cir.1986), writ denied, 505 So.2d 55 ([La.] 1987).
Though a defendant does not have a constitutional right to be both represented and representative, the district court has the discretion to appoint an attorney to assist a pro se defendant. State v. Dupre, supra; see State v. Bodley, 394 So.2d 584 (La.1981), concurring opinion 435 So.2d 421 (La.1983); State v. Boettcher, 338 So.2d 1356 (La.1976). However, when the accused assumes functions that are at the core of the lawyer's traditional role he will often undermine his own defense. Because he has a constitutional right to have a lawyer perform core functions, he must knowingly and intelligently waive his right to assistance of counsel despite the presence of a court-appointed adviser. State v. Dupre, supra.

State v. Desdunes, 576 So.2d 520, 523-24 (La.App. 4th Cir.1990). [Footnote omitted.] In accepting a waiver of counsel at trial, the trial court should advise the defendant of the nature of the charges and the penalty range and inquire into the defendant's age, education, and mental condition. The court should determine whether the defendant understands the significance of the waiver under the totality of the circumstances. State v. Strain, 585 So.2d 540 (La.1991), citing Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948). There must be a sufficient inquiry (an interchange with more than "yes" and "no" responses by the defendant) to establish on the record that the defendant is making an intelligent and knowing waiver under the circumstances. Id. at 542. The trial court should advise the defendant of the pitfalls of self-representation at trial such as failure to recognize objections to inadmissible evidence and inability to adhere to technical rules governing trials. Factors bearing on the validity of the trial court's determination as to the defendant's waiver of counsel include age, education, experience, background, competency, and the conduct of the defendant as well as the nature, seriousness, and complexity of the charge. Id. at 543-44.
694 So.2d at 506-07.
In the present case, the defendant informed the trial court that he desired to represent himself at a hearing held on May 14, 1996. The following colloquy occurred *737 between the trial court and the defendant.
BY THE DEFENDANT:
Okay. Another thing, well, I've been filing ineffective assistance. Man, I'd rather represent myself. I mean, in this other trial, my other case. Because I been asking for to withdraw him. I would like to  I don't think I'm fully capable of doing it. I would like for Tulane or Loyola to represent me in the other case.
BY THE COURT:
Mr. Hodges, you realize you're charged with possession of cocaine. That's what you're charged with.
BY THE DEFENDANT:
Yes.
BY THE COURT:
That's what you're charged with. Possession of cocaine means the police the state is going to call, undoubtedly, a policeman to come into the court and say: Michael Hodges had drugs. And what Michael Hodges can do is call witnesses to say that's not true: Michael Hodges didn't have drugs.
BY THE DEFENDANT:
Your Honor
BY THE COURT:
Mr. Hodges, that's the entire case.
BY THE DEFENDANT:
Okay. I understand.
BY THE COURT:
That's it.
BY THE DEFENDANT:
Okay. But see, in the last trial it was the same simple format or whatever. I had witnesses
BY THE COURT:
You know, that format never changes.
BY THE DEFENDANT:
Okay. I understand. But I had witnesses that came and testified for me, the same simple format. We had to go in your office during trial. Because this man didn't want to allow my witnesses to testify. He discouraged my witnesses. My witness left. I got found guilty and got 20 years, Your Honor. You understand? And I'm facing 20 more, you know, or more probably. I don't know what your sentence is going to be on that. And I
BY THE COURT:
Mr. Hodges, I understand. Mr. Hodges, look, what I'm going to do is set this case, 373-688, I'm going to set it for trial. Mr. Hodges, Mr. Vicknair is your lawyer. I'm not going to appoint another lawyer to represent you. If you don't want Mr. Vicknair to be your lawyer, then Mr. Hodges, then you can represent yourself. But I'm not going to appoint another lawyer to represent you in this matter, Mr. Hodges. I'm not going to do it.
BY MR. VICKNAIR:
Judge, I don't think that I can adequately defend Mr. Hodges at this point in time.
BY THE COURT:
Mr. Hodges, who are the witnesses you wish subpoenaed in that case?
* * *
BY THE DEFENDANT:
LaTasha Williams, Miss LaTasha Williams.
BY THE COURT:
LaTasha?
BY THE DEFENDANT:
Yeah. LaTasha.
BY THE COURT:
And what's her address?
* * *
BY THE COURT:
Who else?
BY THE DEFENDANT:
Giselle Jones.
BY THE COURT:
And what's her address?

*738 * * *
BY THE COURT:
Who else?
BY THE DEFENDANT:
That's all I can recall at this time.
BY THE COURT:
What date are we going to set this matter for trial?
A BRIEF BENCH CONFERENCE WAS HELD.
BY THE COURT:
I'm going to set it for trial July 29th. However, I'm also going to set it for I'm going to appoint Loyola to assist him in representing himself. And I'm going to introduce them to each other on July  no  on May the 28th. I'm going to set the trial for July 29th.
In addition, the trial judge issued a per curiam opinion on defendant's waiver of trial counsel. The trial judge stated that he took precautionary steps before allowing defendant to represent himself, such as appointing the Loyola Law Clinic. Additionally, the trial judge stated that "there were repeated discussions with Mr. Hodges, in chambers and off the record, advising him against self-representation." Finally, it was noted that "[the] Court was well aware of Mr. Hodges background; he had been tried in [that] Court under another case (See Louisiana v. Michael Hodges, 376-554 Section "E")."
In case 376-554, Section "E", the defendant was charged with and convicted of possession of cocaine and attempted escape. Those convictions were affirmed by this court in State v. Hodges, 96-0295 (La. App. 4 Cir. 11/22/97), 701 So.2d 271, unpub., 701 So.2d 271 (table). The opinion in that case reflects that defendant was multiple billed as a fourth offender; he was noted to have two prior convictions for possession of cocaine, two prior convictions for possession of stolen property, one prior conviction for attempted distribution of cocaine and one prior conviction for burglary of an inhabited dwelling.
Defendant's criminal history reveals that he is quite familiar with the criminal justice system. The trial court noted that defendant had filed several pro se motions in the present case and in case 376-554. Thus, the trial court was well aware of defendant's educational and literacy level; it was also aware of his competency to stand trial because of the lunacy hearing held on April 16, 1996.
The trial court's per curiam indicates that defendant was continually advised of the dangers of self-representation. The trial court also informed defendant of his duties at trial and, at the hearing on May 14, 1996, of his burden at trial. Finally, as a safeguard the trial court appointed Loyola Law Clinic to assist the defendant.
The evidence supports a finding that the trial court provided defendant with all of the warnings and advice required before accepting defendant's waiver of trial counsel. The trial court did not err in concluding that the defendant knowingly and intelligently waived his right to trial counsel.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:
The defendant also contends that the trial court erred in failing to grant his request for a continuance or recess when his witnesses failed to appear for trial. Defendant argues that the trial court failed to adequately subpoena his witnesses.
After defendant chose to represent himself, the trial court asked the defendant if he wished to subpoena any witnesses. As noted above, defendant requested that Ms. Giselle Jones and Ms. LaTasha Williams be subpoenaed for trial. Subsequently, defendant requested that subpoenas also be sent to Ms. Barbara Hodges and Ms. Batina Mouton. The defendant provided the trial court with addresses for both women. When these witnesses did not appear for trial on October 1, 1996, it was determined that the addresses that defendant had provided were either incorrect or *739 insufficient for service. The trial court then ordered instanter subpoenas for the four witnesses. The trial court advised the defendant that it would begin trial but would grant a recess to allow time for defendant's witnesses to arrive at trial. After the State presented its case, the trial court discovered that none of the instanter subpoenas could be served, as the addresses provided by defendant were either incorrect or insufficient. Defendant thereafter requested a recess or a continuance, which the trial court denied.
La.C.Cr.P. article 708 provides that "[a] continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced." Thus, although defendant sought a continuance, the trial court could not have granted a continuance because trial had begun. Under article 708, the only remedy available after the State had rested its case was a request for a recess. State v. Warren, 437 So.2d 836 (La.1983).
A motion for recess is evaluated by the same standards as a motion for a continuance. Warren, supra; State v. Brown, 95-0755 (La.App. 1 Cir. 6/28/96), 677 So.2d 1057. To be entitled to a continuance or recess in order to secure the presence of a witness, a defendant must state facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at trial; facts and circumstances showing a probability that the witness will be available at the time to which trial is deferred; and facts showing due diligence was used in an effort to procure the witness's attendance. La. C.Cr.P. art. 709; Warren, supra. The decision to grant or deny a recess is within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. Id.; Brown, supra.
In the present case, the record reflects that the trial court did its utmost to subpoena defendant's witnesses for trial. Defendant admitted that the addresses he had for the witnesses were insufficient or inaccurate. His own attempts at locating the witnesses were futile. As there was very little probability of obtaining service on defendant's witnesses, the trial court did not abuse its discretion when it denied the defendant's request for a recess.
Because this assignment of error is also without merit, we affirm defendant's conviction. Due to the trial court's failure to rule on defendant's motion for new trial and in arrest of judgment prior to sentencing, defendant's sentence is vacated, and the case is remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.